Tammy Hussin, Esq. (Bar No. 155290)
Lemberg & Associates, LLC
6408 Merlin Drive
Carlsbad, CA 92011
Telephone (855) 301-2100 ext. 5514
thussin@lemberglaw.com

Lemberg & Associates, LLC
1100 Summer Street
Stamford, CT  06905
Telephone:  (203) 653-2250
Facsimile:  (203) 653-3424

Attorneys for Plaintiff,
Mercedes Falu-Maysomet

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mercedes Falu-Maysomet,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>National Enterprise Systems Inc.; and DOES 1-10, inclusive,<br><br>　　　　　　Defendants. | Case No.:  **'13CV2285 JM   WMC**<br><br>**COMPLAINT FOR DAMAGES**<br>**1. VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET. SEQ*;**<br>**2. VIOLATION OF FAIR DEBT COLLECTION PRATICES ACT, CAL.CIV.CODE § 1788 *ET. SEQ*.**<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT FOR DAMAGES

For this Complaint, the Plaintiff, Mercedes Falu-Maysomet, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") in its efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. Plaintiff, Mercedes Falu-Maysomet (hereafter "Plaintiff"), is an adult individual residing in Bonsall, California, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, National Enterprise Systems Inc. (hereafter "NES"), is a company with an address of 29125 Solon Road, Solon, Ohio 44139 operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

A. **The Debt**

6. The Plaintiff incurred certain student loan financial obligations (collectively referred to as the "Debt") to United Student Aid Fund (the "Creditor").

7. The Debt arose as a result of a student loan and meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8. The Debt was assigned by the Creditor to NES for collection, and/or NES was otherwise employed by the Creditor to collect the Debt.

9. NES attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. **NES Engages in Harassment and Abusive Tactics**

10. Plaintiff's Debt is a federal student loan obligation. Collection activity of federal student loans is governed by the Higher Education Act, 20 USC 1095, *et. seq.* (the "HEA").

11. The HEA, along with federal regulations promulgated thereunder, set forth specific guidelines and detail permissible collection efforts that lenders and collection agencies must follow when collecting federal student loans. *Id*.

12. In detailing permissible collection activities, the HEA sets forth specific procedures which allow for an Administrative Wage Garnishment ("AWG") to be

affected when a federal student loan borrower is in default. 20 U.S.C. § 1095a(a)(2)–(5).

13. The HEA requires that prior to initiating an AWG, the defaulted borrower must be provided with a Notice of Intent to Garnish ("Notice") at least 30 days prior to the commencement of the garnishment and apprised that he/she has an opportunity to be heard and a means to object to the garnishment based on various grounds. *Id*.

14. Among other things, the borrower has thirty days from the date of the Notice to request an administrative hearing and may object to the garnishment, including financial hardship. *Id*.

15. The borrower may also exercise his/her rights within the thirty day period to inspect documents and records, enter into a payment arrangement, and/or challenge the existence or validity of the alleged defaulted federal student loan. *Id*.

16. It is not until the expiration of the thirty days that an AWG can commence until after the thirty day period granted to the borrower has expired.

17. Pursuant to the HEA, a handful of collection agencies, including NES, were designated to assist the federal government and lenders in the collection of defaulted federal student loans. In so doing, NES and others are required to comply with the HEA.

18.     Although there is no express or implied private right of action under the HEA, a violation of the HEA can, at times, give rise to a private cause of action under the FDCPA. *See*, Pelfrey v. Educ. Credit Mgmt. Corp., 71 F.Supp.2d 1161, 1165 (N.D.Ala.1999), aff'd 208 F.3d 945 (11th Cir.2000) (per curiam). A violation of any of the prohibited activities listed in the FDPCA gives rise to a private cause of action. *See,* 15 U.S.C. § 1692k.

19.     Congress enacted the FDCPA in order to eliminate "the use of abusive, deceptive, and unfair debt collection practices" and "to protect consumers against debt collection abuses." 15 U.S.C. § 1692(a), 1692 (e). The FDCPA regulates the collection of "debts" by "debt collectors" by prohibiting, inter alia, deceptive communications made to a debtor. *See*, 15 U.S.C. §§ 1692e, 1692f.

20.     Within the last year, NES contacted Plaintiff in an attempt to collect the Debt.

21.     Among other things, on August 30, 2013, NES sent Plaintiff a Notice advising Plaintiff of its intent to affect an AWG (NES's Notice is attached hereto as Exhibit A and is incorporated herein by this reference).

22.     Rather than properly advise Plaintiff of her rights under the HEA, NES's Notice was misleading and overshadowed Plaintiff's rights in the following manners:

   a.     In the first paragraph on the first page of NES's Notice, NES told Plaintiff that the Creditor "will order your employer to *immediately* withhold

money from your earnings…" (emphasis added). This statement is patently false and misleading and would lead a consumer to believe that the garnishment would commence immediately. As detailed, *supra*, an AWG cannot commence "immediately," and rather Plaintiff must first be provided with a period of thirty days within which to assert her rights as provided by the HEA;

b.      The first page of NES's Notice then goes on to say: "You *must* establish a written repayment agreement with [NES]….Otherwise, [the Creditor] *will* proceed to collect this debt through deductions from your pay." (emphasis added). This statement is also patently false and misleading, and would lead a consumer to believe that the *only* way to avoid an AWG is by entering into a repayment agreement with NES. As detailed, *supra*, a repayment agreement is only one of variety of options available to Plaintiff in order to avoid an AWG.

23.     It is not until page 2 of NES's Notice that Plaintiff is advised of her true rights under the HEA and is provided with information as to how Plaintiff can exercise her rights.

24.     Although NES's Notice ultimately provides Plaintiff with the proper information, the aforementioned statements made to Plaintiff on the first page were false, misleading and overshadowed Plaintiff's true rights, and were in violation of law.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, *et seq.*

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. NES used false and deceptive and misleading representations to Plaintiff in its attempt to collect the Debt in violation of 15 U.S.C. § 1692e.

27. By misleading Plaintiff, NES used an unfair and unconscionable means to collect the debt, in violation of 15 U.S.C. § 1692f.

28. Plaintiff is entitled to damages as a result of NES's violations.

## COUNT II
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788 *et seq.*

29. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. Like its FDCPA counterpart, California's Rosenthal Fair Debt Collection Practices Act ("Rosenthal FDCPA") prohibits unfair and deceptive acts and practices in the collection of consumer debts, and a violation of the FDCPA is tantamount to a violation of the Rosenthal FDCPA. California Civil Code section 1788, *et seq.*

31. In failing to comply with the provisions of the FDCPA, NES's conduct is in violation of Cal. Civ. Code § 1788.17.

32. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the NES;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Statutory damages of $1,000.00 for committing violations of the Rosenthal FDCPA pursuant to California Civil Code section 1788, *et seq*;

E. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  September 23, 2013                    TAMMY HUSSIN

By: */s/  Tammy Hussin*
Tammy Hussin, Esq.
Lemberg & Associates, LLC
Attorney for Plaintiff, Mercedes Falu-Maysomet